IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUEL E. LAMZON, | | |
| | Petitioner, | No. CIV S-10-2459 EFB P |
| vs. | | |
| PEOPLE OF THE STATE OF CALIFORNIA, | | |
| | Respondent. | ORDER |

Petitioner, a former state prisoner proceeding without counsel and in forma pauperis, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the consent of the parties. *See* E.D. Cal. Local Rules, Appx. A, at (k)(3). Pending before the court is respondent's motion to dismiss this action because the claims alleged in the petition are unexhausted. Also pending is petitioner's motion to stay this action and hold it in abeyance. As discussed below, the court finds that none of petitioner's claims are exhausted, and therefore grants respondent's motion to dismiss and denies petitioner's motion to stay.

////

////

////

## I. Background

This action proceeds on the September 13, 2010 petition.[1] Dckt. No. 1. Petitioner challenges a 2009 judgment of conviction imposed by the San Joaquin County Superior Court. *Id.* at 2.[2] Petitioner raises the following three grounds for relief: (1) "perjury was committed under oath" because "it wasn't [petitioner] who committed [the crimes]"; (2) petitioner's Fourth Amendment rights were violated when police officers handcuffed petitioner and searched his backpack; and (3) trial counsel rendered ineffective assistance of counsel by failing to investigate, subpoena witnesses, object to unspecified evidence, file a motion to suppress illegally obtained evidence, or communicate with petitioner. *Id.* at 3, 6, 7.

## II. Exhaustion of State Judicial Remedies

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Exhaustion of state court remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

The court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may not, however, stay a completely unexhausted petition.

////

---

[1] On December 23, 2010, petitioner filed a document titled "A Petition for Writs of Habeas Corpus," in which he encloses "pages taken from the transcript of his case." Dckt. No. 15. Although docketed as an "amended petition," it is not actually an amended petition because it was not filed on the proper form, is not complete in itself without reference to the original petition, and appears to be petitioner's attempt to supplement the original petition with additional exhibits. *See* E.D. Cal. L.R. 190(b), 220; *see also* Rule 2(d), Rules Governing Section § 2254 Cases

[2] For ease of reference, all references to page numbers in petitioner's filings are to those assigned via the court's electronic filing system.

*Jiminez v. Rice*, 276 F.3d 476, 481 (9th Cir. 2001) (court must dismiss petition containing no exhausted claims).

### III. Motion to Dismiss

In the motion to dismiss, respondent contends that none of petitioner's claims were presented to the California Supreme Court, and that the petition should therefore be dismissed as unexhausted. Petitioner filed several documents in response to the motion to dismiss. Petitioner filed a motion to stay this action and hold it in abeyance while he returns to the state courts to exhaust his remedies and also filed an opposition to the motion to dismiss on the ground he should be allowed the opportunity to exhaust his claims in state court. Dckt. Nos. 12, 14. Thus, petitioner appears to concede that he has not yet presented the claims raised in this action to the California Supreme Court.

Court records further reflect that petitioner has not exhausted his claims. Petitioner filed a petition for review in the California Supreme Court (case number S183751) on or around June 17, 2010. Resp.'s Mot. to Dism., Lodged Doc. No. 1; *see also* Lodged Doc. No. 2 (California Supreme Court's July 28, 2010 order denying petition for review). In the petition for review, petitioner alleged there was insufficient evidence to support the trial court's finding that he was competent to stand trial, that trial counsel rendered ineffective assistance of counsel in connection with the competency proceedings, that the prosecutor committed misconduct in eliciting from petitioner testimony regarding a restraining order, and that trial counsel rendered ineffective assistance of counsel in failing to object to this line of questioning. *See* Lodged Doc. No. 1. Because the petition for review did not present any of the claims raised in this action, it does not satisfy the exhaustion requirement.

////
////
////
////

In a document titled "A Petition for Writs of Habeas Corpus First Amended,"[3] petitioner suggests his claims are now exhausted because he presented them in a petition to the California Supreme Court on February 1, 2011, and submits a copy of the Supreme Court's response to that petition. *See* Dckt. No. 16 at 2. The response from the California Supreme Court is a letter from the Court Administrator and Clerk of the Supreme Court. *Id.* at 36. It references case number S183751, and states that "no action may be taken on [petitioner's] 'Petition for review to exhaust state remedies,' received February 7, 2011[, because] [t]he order of this court filed July 28, 2010, denying the above-referenced petition, was final . . . and may not be reconsidered or reinstated." *Id.* Because the California Supreme Court did not accept petitioner's February 2011 petition for review for filing, that court was not provided with the opportunity to correct the alleged violations of petitioner's federal rights, and petitioner's claims remain unexhausted. *See Duncan*, 513 U.S. at 365.

Moreover, a search of the California Supreme Court's docket shows that the only action filed by a petitioner in that court with the same last name as petitioner, was case number S183751.[4] As discussed above, the proceedings in case number S183751 do not satisfy the exhaustion requirements for this action. Accordingly, petitioner's claims are unexhausted and respondent's motion to dismiss must be granted. *See Jiminez*, 276 F.3d at 481.

**IV.    Petitioner's Motion to Stay**

While the court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state court, *Rhines*, 544 U.S. at 277, the court may not stay a completely unexhausted petition. *Jiminez*, 276

---

[3] The court also declines to construe this document as an amended petition, as it is not filed on the proper form and is not complete in itself without reference to the original petition. *See* Dckt. No. 16 at 2 (requesting that attached documents be incorporated with the original petition).

[4] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

F.3d at 481 (court must dismiss petition containing no exhausted claims).  None of petitioner's claims are exhausted and his request to stay this action must be denied.

**V.  Order**

Accordingly, it is hereby ORDERED that:

1. Respondent's October 18, 2010 motion to dismiss this action without prejudice for failure to exhaust state judicial remedies is granted;

2. Petitioner's November 12, 2010 motion to stay is denied;

3. The Clerk shall close this case and serve a copy of this order together with a copy of the petition filed on September 13, 2010, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California; and

4. The court declines to issue a certificate of appealability.

Dated:  September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5